## PEDRITO BLYDEN, et al., Plaintiffs

v.

## V.I. PLEASURE BOATS, INC., Defendant/Third Party Plaintiff

v.

## GOVERNMENT OF THE VIRGIN ISLANDS, Third Party Defendant

Civil No. 721/1981 et al.

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 17, 1987

---

DON C. MILLS, ESQ., St. Thomas, V.I., *for plaintiffs Trosley, Van Veen, Blyden, Duran and Dudovick*

JOHN L. MADURO, ESQ., St. Thomas, V.I., *for plaintiff Jeppesens*

CHARLOTTE POOLE-DAVIS, ESQ., St. Thomas, V.I., *for plaintiffs Moses, Davis and Allen*

FREDERICK G. WATTS, ESQ., St. Thomas, V.I., *for defendant/third party plaintiff V.I. Pleasure Boats, Inc.*

KARL PERCELL, ESQ., Assistant Attorney General, St. Thomas, V.I., *for Government of the Virgin Islands*

CHRISTIAN, *Senior Sitting Judge*

## MEMORANDUM AND ORDER

## I. INTRODUCTION

This matter is before the Court for the second time on a Motion by the Defendant, V.I. Pleasure Boats, Inc. (hereafter "VIPB"), dated June 9, 1987, for dismissal of the complaints filed by Messrs. Magras, Callwood, Gardner, Wilson, Francis, Parsons, and the Jeppesens, under and by virtue of Federal Rules of Civil Procedure 37(b)(2)(C), for failure to comply with the Federal Rules of Civil Procedure relating to discovery, i.e., Nos. 26–37, and Orders of this Court issued in connection therewith. The chronology of events leading to and culminating in the instant Motion makes it imperative that the Motion be granted.

26

## II. BACKGROUND

In this Motion VIPB states that this is its fourth attempt to obtain these plaintiffs' compliance with the applicable discovery rules and Court Orders requiring them to respond to discovery outstanding for three and one-half years.[1] The unanswered discovery requests have in fact been pending for about three and a half years, but since no serious effort was in fact made by plaintiffs, defendant or the Court for meaningful movement of the litigation until December 18, 1986, as stated in our Pretrial Memorandum and Order dated December 22, 1986, we will confine our consideration and action on the Motion to the specific actions and Orders of the Court which are relevant and which transpired since December 22, 1986 (albeit all the parties were cognizant of the contents of the written Order of December 22, 1986, from December 16, 1986, when the plenary pretrial conference was held), and to the conduct of the parties since December 22, 1986, relevant thereto. The deadlines listed below were fixed by the Court in view of the fact that trial of the cases [by the Court and/or Jury] was scheduled to begin on May 28, 1987.[2]

On Page 3 of our aforesaid Order of December 22, 1986, we provided as follows: "Attorney Watts pointed out that there was still some degree of incompleteness, and he recommended that the Court include in this Order a date limiting the time for parties to supplement and complete their discovery efforts or to state that they had no intention to take further action in this respect. It is the Order of the Court that the aforesaid action shall be taken not later than thirty (30) days prior to the date of the trial." None of the plaintiffs, who were all represented by Counsel, objected to this time limitation.

---

[1] VIPB served three (3) sets of Interrogatories on plaintiff Magras: One on January 6, 1982; one on November 2, 1983; and the third on December 2, 1983. VIPB also served on Magras two (2) Requests for Production of Documents, dated January 6, 1982, and December 2, 1983, respectively. No Answers or responses with respect to any of these discovery requests have been served on VIPB. Moreover, letters requesting the same have gone unanswered.

On November 2, 1983, Expert Witness Interrogatories were propounded on all plaintiffs by VIPB. On December 2, 1983, VIPB served all plaintiffs with a Second Set of Interrogatories and a Request for Production of Documents. None of the plaintiffs, with the exception of Messrs. Moses, Allen and Davis, represented by Attorney Charlotte Poole-Davis, have either answered any of these discovery requests or served objections thereto.

[2] Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all these cases were consolidated by Order of the Court dated June 25, 1984.

Perturbed by the fact that as late as April 6, 1987, it had received no response to any of its outstanding discovery requests from any of the plaintiffs,[3] in spite of the Court's Order and the very short period of time available to it to prepare its defense(s) to these many cases, VIPB on that date filed two Motions to Compel Discovery by all the plaintiffs, one relating to plaintiff Magras and a separate Motion relating to the remaining eleven noncomplying plaintiffs. VIPB also filed a Motion to compel the Government of the Virgin Islands, the Third Party Defendant, to provide answers to Expert Witness Interrogatories.

On April 15, 1987, we entered an Order on all of aforesaid three Motions of VIPB to Compel, requiring all outstanding discovery requests made by VIPB to be answered not later than April 27, 1987 (Paragraph 1, Page 4); and specifically provided: "The complaint of any Plaintiff failing to comply with the terms of this Order shall be dismissed with prejudice and costs to be determined later upon adequate proof."

In response to a request made by both Attorneys Mills and Poole-Davis on behalf of the plaintiffs represented by them, at a pretrial conference held on April 21, 1987, as per our Memorandum dated April 27, 1987, it was agreed that these plaintiffs may submit unsigned responses to outstanding interrogatories by the April 27, 1987, deadline, and the signed copies thereof not later than ten (10) days after.

On April 27, 1987, both Attorney Mills for the plaintiffs represented by him,[4] and Attorney Karl R. Percell for the Government of the Virgin Islands, filed separate Motions for a seven-day enlargement of the April 27, 1987, deadline to May 4, 1987. This Motion was granted by the Court on April 27, 1987.

Since as late as May 12, 1987, the Court's Orders mandating compliance with discovery requests not later than May 4, 1987, had not been complied with, on Motion filed by VIPB, the cases of plaintiffs Gardner, Magras, Wilson, the Jeppesens, Callwood, Francis, and Parsons were dismissed with prejudice by Order dated May 15, 1987.

---

[3] Henceforth, the term plaintiff is referrable to Messrs. Magras, Callwood, Gardner, Wilson, Francis, Parsons, and the Jeppesens only.

[4] Plaintiffs Gardner, Magras, Dudovich, Francis, Van Veen, Callwood, Trosley, Blyden, Parsons, Wilson, Levy and Duran.

On May 19, 1987, Attorney Maduro for the Jeppesens and Attorney Mills for the other plaintiffs whose cases were dismissed moved for reconsideration. In spite of the above chronology of their long and repeated failure to comply with both the applicable Federal Discovery Rules and the many Orders of the Court, the Court in a last effort to give them every opportunity to comply granted the Motions by Order dated May 22, 1987, vacating the Orders of Dismissal With Prejudice, and continued the trial for sixty (60) days, that is, to begin on or about July 22, 1987, the precise date to be fixed by agreement of the Court and the parties.

Since up to June 9, 1987, the plaintiffs referred to in the instant Motion had not made the required discovery responses, or taken any other action relating thereto of record, VIPB filed this Motion for the re-imposition of the Federal Rules of Civil Procedure 37(b)(2)(C) sanction.

## III. DISCUSSION

■ The Court of Appeals for the Third Circuit in the case of Di Gregorio v. First Rediscount Corporation, 506 F.2d 781 (1974), citing Mangano v. American Radiator and Standard Sanitary Corporation, 438 F.2d 1187 (3d Cir. 1971) (per curiam), set forth the criteria for imposition of Federal Rules of Civil Procedure 37(b)(2) sanctions. In Di Gregorio, the Court stated the choice of the appropriate sanction, subdivision (A), (B), (C) or (D) of the Rule to be imposed upon failure of a party to comply with discovery Orders, is generally committed to the sound discretion of the Court. Id. at 788. See also Domiani v. Rhode Island Corp., 704 Fed. 2d 12 (1983).

■ But the Court's discretion is, however, not without bounds. The Third Circuit then cited the case of Societe Internationale et Commerciales, S.A. v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958), in which the Supreme Court held that a district court[5] may not dismiss an action for noncompliance with a discovery order "when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith or any fault of petitioner."

---

[5] 5 V.I.C., App. IV, Rule 7 provides "The practice and procedure in the Territorial Court shall conform as nearly as may be to that in the District Court in like cases, except where there is an express provision in the law or these rules to the contrary."

29

■ These discovery requests have been pending for several years. We know of not a single instance that any one of the plaintiffs at whom the Motion is directed has claimed he or she was unable to comply. More importantly, at no time since the revival of meaningful action in the litigation of these cases in December 1986, to the present, nor at any time during any of the several pretrial conferences referred to above, did any of these plaintiffs claim he or she was unable to comply. If such inability had been claimed, and the Court was satisfied it existed in good faith, we would not have hesitated to give it such consideration as it merited. But as the Circuit Court stated in Di Gregorio, "[r]ather we perceive a pattern of conduct in flagrant disregard both of the general rules of discovery and of [in this case many specific Court orders]." And, as we indicated and set forth above, there have also been several plenary pretrial hearings. And with this long history of noncompliance, and plaintiffs not having indicated their inability to comply with the rules and orders of the Court, we do not believe the conclusion that plaintiffs are willful and in bad faith is unreasonable or unjustified. And if they were not unable to comply and are guilty of willfulness and bad faith, the Court could perceive no other just course, in deference to the rules, to its integrity, and the rights of both the defendant and plaintiffs, than to apply the Rule 37(b)(2)(C) sanction.

In Di Gregorio, the Court held that a specific finding of willfulness was not required as a prerequisite for the imposition of the sanction of dismissal with prejudice where willfulness is mirrored in the record. Id. at 788. See also Norman v. Young, 422 F.2d 470, 474 (10th Cir. 1978). Although it may not be necessary, in the cases sub judice, we do find that the plaintiffs are guilty of willfulness, of flagrant bad faith and reckless disregard of the orderly administration of justice as provided by the Federal Rules of Civil Procedure.

Nor do we impose this sanction unmindful of its severity and finality. As the Di Gregorio Court stated:

> [I]ts use must be tempered by the careful exercise of judicial discretion to assure that its impositon is merited. However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction is fully justified and should not be disturbed.

We have attempted to act in these cases in observance of the teaching and admonition thus provided.

The Court has not acted so that the dismissals constitute mere punishment and hence a denial of due process as guaranteed by the Fifth Amendment to the U.S. Constitution. In our first Orders of Dismissal this was one of the contentions of the Plaintiffs affected. We did not agree with them, but turned the other cheek, as it were, to give them every opportunity to comply. With the passage of nearly a month since we gave them that new opportunity and their not having taken any recorded action to comply, and VIPB having only one month left to prepare its defense(s) to these many cases, we cannot see how they can seriously contend that the Court's action is unduly punitive, harsh, precipitate, or worse, Draconian as they contended in their Motion for Reconsideration of our first Orders of Dismissal. To permit the plaintiffs to continue on their accustomed path would, in our view, be permitting them to do just about what they please at this critical point in the litigation, in total disregard of the Rules, the Court, and the rights of the Defendant. It must be borne in mind that not only these plaintiffs but the defendant also has the constitutional right of due process. See also Hovey v. Elliott, 167 U.S. 409 and compare with Hammond Packing Co. v. Arkansas, 212 U.S. 322.

## IV. ORDER

In view of the foregoing, we grant the Motions of VIPB and dismiss the cases of plaintiffs Magras, Gardner, Francis, Callwood, Parsons, Wilson, and the Jeppesens with prejudice, and costs to be proved according to established practice.